IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| MISTY CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:22-cv-00228-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Misty Clark, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

On September 21, 2020, Misty Clark applied for disability benefits, alleging disability beginning on October 11, 2019. (Tr. 15.) Plaintiff was born in 1992 and was as young as twenty-seven during the relevant time period. (Tr. 38.) She has past relevant work as a kitchen helper, cleaner and cashier II. (Tr. 26.)

The ALJ[1] found Ms. Clark had not engaged in substantial gainful activity since October 11, 2019 - the alleged onset date. (Tr. 18.) She has "severe" impairments in the form asthma, obesity, and congenital heart murmur. (Id.) The ALJ further found Ms. Clark did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19-20.) The ALJ determined Ms. Clark had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally stoop, crouch, bend, and kneel. (Tr. 20.) She can have only occasional exposure to dust, smoke, fumes, and other pulmonary irritants, and she would need to be in a controlled environment. (Id.) Based on the residual functional capacity assessment, the ALJ determined Ms. Clark is unable to perform her past relevant work as a kitchen helper, cleaner, or cashier II. (Tr. 26.) The ALJ utilized the services of a vocational expert, who determined jobs

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

existed in significant numbers that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert (Tr. 60-63), the ALJ determined she could also perform the jobs of representative occupations such as an addresser, charge account clerk, and sorter. (Tr. 27.) Accordingly, the ALJ determined Ms. Clark was not disabled. (*Id*.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinion completed by her treating source, Advance Practice Registered Nurse (APRN) Sara Wilcox. (Doc. No. 10 at 23-27.) Ms. Clark says, "The ALJ disregarded the supportability factor entirely" and "the reasons the ALJ did give for finding A.P.R.N. Wilcox's opinion not to be persuasive lack merit." (Doc. No. 10 at 24-25.)

APRN Wilcox provided a check box form, entitled Medical Source Statement—Physical (Tr. 1040-1041), and, if fully credited, her opinion would likely mean that Plaintiff is disabled. The ALJ, however, did not find her opinion persuasive, saying:

> Sara Wilcox, APRN, a treating source at AR Care, opined in October 2021 that the claimant had moderate to severe allergic asthma, obesity, and hypertension. The claimant could lift and carry less than 10 pounds occasionally and frequently, stand/walk less than two hours, 45 minutes at one time, and has no limitations in sitting. (Ex. 12F). She further opined the claimant could reach in all directions 1/3 of the day, finger 2/3 of the day, and handle 1/3 of the day. She would need frequent rest periods and longer than normal breaks. She would be absent from a job two days a month. (Ex. 15F). The undersigned finds this opinion not persuasive as it is noted that the examiner relied upon the claimant for information, per the clinical notes in Ex. 16F. This opinion was a few weeks after the cardiologist's opinion limited her to elevating her feet for mild edema. This is also not consistent with other clinical notes over the two years with reference to edema. At 16F, pg. 5, she was encouraged to elevate legs when not walking. This is not consistent with the medical source statement.

3

(Tr. 24-26.)

Claims filed after March 27, 2017, like Ms. Clark's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of APRN Wilcox. He explained the supportability factor and provided ample justification for finding the treating physician's opinion unpersuasive.[1] The ALJ addressed the supportability

---

[1] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:
[The] ALJ may discount or even disregard the opinion of a treating physician where

4

factor by summarizing the many inconsistencies among the opinion and other medical evidence in the treatment record. Importantly, the medical source form did not cite any medical evidence nor provide any elaboration on how APRN Wilcox reached her conclusions for the extreme limitations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, it is reasonable to conclude, as the ALJ noted, the form appeared to be based on the Plaintiff's subjective complaints evidenced by a notation that Plaintiff was the source of information. (Tr. 1056.)

While Plaintiff also argues the ALJ erred in the residual functioning capacity finding, (Doc. No. 10 at 27), this is simply not supported by the objective medical evidence. Medical examinations, conducted around the time of the opinion at issue, do not indicate disabling conditions. A cardiology report from October 2021 stated that Plaintiff was stable from a cardiac standpoint and advised her only to wear compression stockings and elevate her feet when not walking. (Ex. 21F.) Additionally, a pulmonology report from December 2021 stated that her chest was normal and asthma symptoms were stable. (Tr. 1049.) Clearly, Plaintiff has medically determinable impairments that prevent her from performing her past relevant work. But the ALJ has considered these impairments and added postural limitations to account for her obesity. (Tr. 25.) The ALJ also limited her to sedentary work, the least physically demanding type of work

---

        other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).
*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

possible. (Tr. 20.) While undoubtedly Ms. Clark suffers from some degree of limitation, there is simply no reversible error here.

Accordingly, I find the ALJ's decision to be based on substantial evidence. The ALJ fully considered all of the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. (Tr. 15-19.) He found opinions persuasive by State agency reviewers, consultative examiners, and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff's counsel has vigorously advocated for Ms. Clark's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 27th of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE